UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMA NPL 1, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIRST CAPITAL REAL ESTATE INVESTMENTS LLC,<br><br>　　　　　Defendant. | No. 1:18-cv-00533-DAD-SKO<br><br>ORDER SUA SPONTE REMANDING MATTER TO THE MERCED COUNTY SUPERIOR COURT AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>(Doc. Nos. 1, 3) |

This is an unlawful detainer action brought by plaintiff Rama NPL 1, LLC against defendant First Capital Real Estate Investments LLC ("First Capital"). On April 19, 2018, Kupal Gill removed this case from the Merced County Superior Court. (Doc. No. 1.) The notice of removal, however, is styled as a counterclaim, purporting to "bring[] this lawsuit against PLAINTIFF . . . for violations of the federal statute: Real Estate Settlement Procedures Act. (RESPA)," and contending that federal question jurisdiction exists pursuant to RESPA. (*Id.* at 2.) Mr. Gill filed a motion to proceed *in forma pauperis* on the same date. (Doc. No. 3.) For the following reasons, removal is improper and this case will be remanded to the Merced County Superior Court.

A corporation or other artificial entity must be represented by licensed counsel. *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) (noting that 28 U.S.C. § 1654

1

does not allow corporations, partnerships, or associations to appear in federal court other than through a licensed attorney); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (applying rule to limited liability corporation); *Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007) (same). Further, Local Rule 183(a) provides that "[a] corporation or other entity may appear only by an attorney." Because First Capital is a limited liability company, it must appear through a licensed attorney. Mr. Gill is not a named defendant in the complaint, nor is he an attorney. The notice of removal, filed by Mr. Gill purportedly on behalf of defendant First Capital, is therefore improper. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney may appear in pro per on his own behalf, but he has no authority to appear as an attorney for others).

Even if the notice of removal had been properly filed, however, defendant has failed to establish this court's jurisdiction. A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, removal of this action to this federal court is inappropriate. Plaintiff's complaint in this case is a straight-forward unlawful detainer action that is based entirely on state law. As stated above, the notice of removal relies solely on contemplated defenses or counter-claims against plaintiff for violation of RESPA. (Doc. No. 1 at 2.) The defensive invocation of federal law cannot form the basis of this court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.

Because Mr. Gill has no authority to file a notice of removal on defendant First Capital's behalf, and because there is no federal question appearing in plaintiff's complaint in this case,

| | |
|---|---|
| 1 | remand to the Merced County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); |
| 2 | *Geographic Expeditions*, 559 F.3d at 1107; *Bruns*, 122 F.3d at 1257. |

Accordingly,

1. This action is remanded forthwith to the Merced County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
2. The motion to proceed *in forma pauperis* filed by Kupal Gill (Doc. No. 3.) is denied as having been rendered moot by this order; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 20, 2018**

          /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE